UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COHEN & FITCH, LLP,

                    Plaintiff,

               -against-                                **COMPLAINT**

BALWINDER SINGH,

                    Defendant.                      **JURY TRIAL DEMANDED**

------------------------------------------------------------------X          **ECF CASE**


        Plaintiff COHEN & FITCH LLP, complaining of the defendant, BALWINDER SINGH,

respectfully alleges as follows:

### PARTIES

        1.      Plaintiff COHEN & FITCH LLP, was and still is a domestic limited liability

partnership, incorporated and existing under the laws of the State of New York, operating a law

firm in the State of New York, having its principal offices at 233 Broadway, Suite 2348, New

York, New York 10279.

        2.      Gerald Cohen and Joshua Fitch are the two founding partners of COHEN &

FITCH LLP and are both admitted to practice law in the State of New York, and in the Southern

and Eastern Districts of New York.

        3.      Defendant, BALWINDER SINGH, is a citizen of the State of Indiana, residing at

1219 Finley Ave. Indianapolis, IN 46203.

### JURISDICTION AND VENUE

        4.      Jurisdiction arises under 28 U.S.C. § 1332 as the matter in controversy exceeds

the sum specified by 28 U.S.C. § 1332 and the plaintiff in this matter is completely diverse in

citizenship than the named defendant pursuant to 28 U.S.C. § 1332(a)(1), as the plaintiff is a

citizen of a different state than the named defendant.

### VENUE

        5.      Venue is properly laid in this District by virtue of 28 U.S.C. § 1391(a), in that this

is the District in which the claims arose.

1

**JURY DEMAND**

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PRELIMINARY STATEMENT**

7.      This cause of action arises from the defendant, BALWINDER SINGH ("defendant SINGH")'s, breach of contractual duties in refusing to execute the documents necessary to effectuate payment on the settlement of a lawsuit filed and litigated on his behalf by his attorneys, plaintiff, COHEN & FITCH LLP. A settlement which he unequivocally and repeatedly agreed to accept – both verbally and in writing. His agreement to which was relied on by COHEN & FITCH LLP to their detriment in executing a stipulation of settlement and dismissal, which was filed with the court and resulted in the ultimate dismissal of the lawsuit that had been zealously litigated for over six (6) years by the firm.

8.      More specifically, from the time that defendant retained COHEN & FITCH LLP in 2018 to litigate his civil rights claims against the City of New York, plaintiff COHEN & FITCH LLP zealously litigated defendant's case, *even successfully litigating the matter through appeal in the Second Circuit* after it had been dismissed on summary judgment.

9.      Per their retainer agreements with defendant SINGH, plaintiff advanced all costs and logged hundreds of hours of attorney time aggressively litigated the matter through all phases of document discovery, depositions, expert discovery, motion practice, appeal and up to the precipice of trial.

10.      In 2025, these efforts ultimately yielded success for defendant SINGH in the form of a substantial offer settlement for a case of otherwise insubstantial value, which had never before – in the six years of litigation preceding – warranted any significant offer of settlement from the City of New York ("the City").

11.      However, after agreeing to the terms of the settlement, memorializing his agreement in writing, and specifically authorizing COHEN & FITCH LLP to accept the settlement on his behalf, defendant SINGH has inexplicably refused to execute the release against the City or any of the other accompanying paperwork required by the City as a condition precedent to the release of the settlement proceeds – a portion of which plaintiff COHEN & FITCH LLP is contractually entitled.

2

12.     In sum, defendant SINGH agreed to the settlement, caused plaintiff to execute a stipulation of settlement that was filed with the court and resulted in the dismissal of the matter with prejudice, and is now holding the proceeds hostage and his willful failure to execute the documents necessary to effectuate release of the proceeds.

13.     This must end and defendant SINGH must be held to his contractual duties with plaintiff; and plaintiff must be allowed to collect the settlement proceeds lawfully and contractually due to the firm, with or without defendant's cooperation.

## FACTS

14.     On March 12, 2018, defendant SINGH, entered into a written retainer agreement with plaintiff COHEN & FITCH LLP, whereby plaintiff agreed to act as defendant's attorney in prosecuting an action against the City of New York and Police Officer Mandeep Cheema for claims of false arrest, excessive force and other related claims.

15.     Since its inception nearly twenty years ago, plaintiff COHEN & FITCH LLP has successfully litigated thousands of civil rights violations against the City in both state and federal court. Moreover, given the wide-ranging compensatory value of civil rights matters, plaintiff specifically relies on the attorney fee provisions contained within 42 U.S.C. 1983 & 1988 in order to fairly compensate the firm for the reasonable value of its services.

16.     Likewise, here, because defendant's case had a relatively low compensatory value, COHEN & FITCH LLP agreed to accept representation of defendant SINGH with the understanding that if a settlement or verdict was ultimately obtained on his behalf, COHEN & FITCH LLP reserved the right to be reasonably compensated based on the hours of work performed.

17.     Specifically, the retainer agreement executed by both parties provided, in pertinent part, that:

> If the matter is resolved by settlement at any point following the close, conclusion or completion of discovery, you [Balwinder Singh] irrevocably agree that you will not agree to any settlement, compromise, or disposition of your claim(s) or action if any term, express or implied, of any such settlement or disposition includes, requires, or provides for any waiver or inclusion in any settlement amount, potential or actual court awarded attorneys' fees representing the fair value of COHEN & FITCH, LLP's time up to the that point, unless COHEN & FITCH, LLP expressly, and in writing, agree to such inclusion or waiver or modification of the fair value of their time….

3

18.     In other words, the agreement required defendant SINGH and plaintiff COHEN & FITCH LLP to reach an agreement on the fair value of the firm's services in connection with, and before accepting, any settlement if the case proceeded beyond the completion of discovery.

19.     Here, because the City did not value defendant SINGH's injuries highly, COHEN & FITCH LLP aggressively litigated for nearly six (6) years through discovery, which included the exchange of thousands of documents and medical records, expert reports from multiple doctors as well as the depositions of numerous witnesses including, police officers, EMS personnel, the defendant, his wife, and his brother.

20.     Then, following discovery, the City and defendant SINGH cross-moved for summary judgment, which required hundreds of hours of work conducting legal research, document review and drafting legal briefs in support and opposition.

21.     Moreover, because the district judge, *sua sponte*, decided to fully grant the City's motion for summary judgment, and dismissed defendant's case, defendant SINGH requested that plaintiff file an appeal on his behalf.

22.     As a result, the parties agreed to and signed an addendum to the March 18, 2018 retainer agreement on November 1, 2022, to include the appeal. This agreement also required the compensation of legal fees in order to compensate COHEN & FITCH LLP for the fair value of their work under the same terms of the original retainer agreement.

23.     Thereafter, on January 29, 2024, after hundreds of hours of more work drafting voluminous appellate briefs, the Second Circuit reversed the decision of the District Court, reinstated defendant SINGH's excessive force claim and remanded the case for trial.

24.     The case was scheduled for the trial to begin on May 5, 2025, but on January 15, 2025, the parties decided to attend mediation to see if settlement was a possibility before the trial was set to commence.

25.     At the mediation, the City maintained its low valuation of defendant SINGH's injuries. However, because of sheer volume of legal work performed up to that time – and continuing to accrue up to and including trial[1] – the City understood that plaintiff COHEN & FITCH LLP could receive an enormous legal fee award pursuant to 42 U.S.C. § 1988 if

---

[1] COHEN & FITCH LLP submitted the value of their legal fees at the mediation, which exceeded $317,000.00 at the time.

defendant SINGH was ultimately successful at trial, regardless of the City's valuation of defendant SINGH's injuries.

26.    As such, during the mediation, the City made several offers of settlement, which while communicated as global amounts, also contained the City's own recommendations as to the portions to be allocated for defendant SINGH's injuries versus reasonable legal fees and made it apparent that in the City's view, nearly 80% of the settlement value offered was attributable to accrued legal fees owed versus the value of defendant SINGH's injuries.

27.    While a settlement was not reached at the mediation, after more discussions following the mediation, the City of New York offered defendant SINGH $165,000.00 as a global settlement to pay for his injuries, legal fees, and costs to fully resolve this matter.

28.    At the time this offer was made, plaintiff COHEN & FITCH LLP's legal fees, at the rate agreed to in the retainers signed by defendant SINGH, were valued at approximately $317,000.00, and the costs advanced to pay for filing fees, service of process, depositions, experts, and other fees, were approximately $20,000.00.

29.    However, because plaintiff COHEN & FITCH LLP's actual legal fees would have fully eclipsed any recovery by defendant SINGH, plaintiff agreed to substantially reduce its legal fees so that defendant SINGH could forgo the risks of trial and assure a substantial sum for his damages.

30.    Specifically, COHEN & FITCH LLP agreed to accept the reduced amount of $95,000.00 to satisfy all its legal fees and costs – less than 30% of its total legal fees and costs at the time.

31.    Likewise, plaintiff COHEN & FITCH LLP agreed to an allocation of $70,000.00 to defendant SINGH – an amount more than doubling any compensatory offer or recommendation made by the City at any point in the case.

32.    Defendant SINGH agreed to this division of the proceeds of the settlement offer.

33.    Moreover, before the plaintiff COHEN & FITCH LLP communicated defendant SINGH's acceptance of the $165,000.00 offer to the City, COHEN & FITCH LLP and defendant SINGH memorialized this agreement in writing as per the terms of their original retainer agreement.

5

34.    Then, relying on the signed agreement to accept the City's offer and the delineation of the proceeds, the plaintiff COHEN & FITCH LLP, communicated defendant SINGH's acceptance of the offer to the City and signed the Stipulation of Settlement with City defense counsel so that it could be filed with the court and the case be dismissed as settled. On March 18, 2024, pursuant to the parties' stipulation of settlement, the District Court dismissed the matter with prejudice.

35.    In connection with the stipulation of settlement filed with the court, the City also sent over their standard settlement documents in order to process payment of the settlement. These documents included the City's General Release, and Affidavit of Liens, and are required to be filled out by claimants in every case settled with the City

36.    These documents are required by the City to effectuate the settlement before payment and need to be signed and notarized by defendant SINGH.

37.    These documents were sent to defendant SINGH immediately upon receipt, but to date, he has not signed them.

38.    At first, defendant SINGH told plaintiff COHEN & FITCH LLP that he was getting them signed, but that the notary was not available when he went.

39.    Then, he told plaintiff his son was sick and/or that he was sick and would sign the settlement paperwork promptly following recovery.

40.    Then he told plaintiff he could not get to a notary, so plaintiff paid for a service that would enable him to have the documents notarized via video chat. He still did not sign.

41.    Then defendant SINGH generally stopped returning phone calls and whenever plaintiff was able to reach him, he would say he was "working" on it.

42.    It has now been over five (5) months, and the defendant is otherwise unresponsive, uncooperative, and continues to refuse to sign the settlement documents. There is no indication that defendant has any intention of doing so in the future.

43.    As a result, the plaintiff has been damaged – at minimum – in the amount of $95,000.00.

44.    In addition, given defendant SINGH's obstructive behavior in direct contravention of his contractual obligations, plaintiff COHEN & FITCH LLP has been caused to incur additional time, expenses, and damages in attempting to enforce the firm's contractual

agreement with defendant and being forced to wait for proceeds they are due under this contract.

45.    Further, plaintiff relied on defendant's representation that he was accepting the settlement offer, so plaintiff executed the Stipulation of Settlement, which resulted in the dismissal of the matter with prejudice and forced plaintiff to forego the full amount of the firm's entitlement to legal fees under 1988 – an amount exceeding $317,000.00.

46.    Finally, plaintiff relied on defendant's representation that he was accepting a reduction in COHEN & FITCH LLP's accrued legal fees, which resulted in the dismissal of the matter with prejudice and forced plaintiff to forego the full amount of his entitlement to legal fees under 1988 – an amount exceeding $317,000.00.

47.    Since the City cannot pay out the settlement without receipt of a General Release or an Affidavit of Liens, plaintiff's legal fee cannot be paid and plaintiff has no ability to continue to press defendant's claims in order to recover the full value of its legal fees or enforce the agreed upon settlement on its own in order to receive its reduced fee.

48.    Thus, plaintiff is seeking an order, a) modifying/severing the settlement agreement to allow the City of New York to pay out the agreed upon legal fees and costs to plaintiff COHEN & FITCH LLP pursuant to the retainer and fee splitting agreements made between the parties; b) permitting COHEN & FITCH LLP to sign the documents on defendant's behalf or otherwise deem them executed and City fully released from defendant SINGH's claims; or, c) requiring that the defendant specifically perform the task of signing the necessary documents to effectuate payment of the settlement proceeds.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48.    The parties had legal binding agreements.

49.    Specifically, the original retainer agreement required defendant to account for plaintiff's legal fees when resolving *Singh v. City of New York, et al.,* 19 CV 00632 (EK)(ST) after a certain point in the litigation.

50.     The parties then entered a subsequent agreement upon receiving an offer from the City of New York, agreeing to accept the offer as long as plaintiff was compensated $95,000 for its legal fees and costs.

51.     Defendant breached the agreements by failing to sign and return the necessary settlement paperwork to effectuate the settlement agreement.

52.     As a result of the foregoing, plaintiff was damaged in the amount of $95,000.00.

## SECOND CLAIM FOR RELIEF
## DETRIMENTAL RELIANCE

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

54.     Defendant made a clear promise in writing that he was accepting the settlement offer of $165,000.00 made by the City of New York in *Singh v. City of New York, et al.,* 19 CV 00632 (EK)(ST).

55.     Defendant further promised and agreed to have plaintiff, COHEN & FITCH LLP be compensated $95,000.00 out of that offer to satisfy their legal fees and costs.

56.     Plaintiff relied on that promise and signed the Stipulation of Settlement.

57.     As a result, the matter was dismissed with prejudice.

58.     Thereafter, defendant SINGH refused to sign the necessary paperwork to effectuate the settlement, thus preventing the settlement proceeds from being paid to the parties.

59.     As a result of the foregoing, plaintiff was damaged in the amount exceeding the jurisdictional limits.

## THIRD CLAIM FOR RELIEF
## PROMISORY ESTOPPEL

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

61.     Defendant authorized plaintiff to settle his claims in *Singh v. City of New York, et al.,* 19 CV 00632 (EK)(ST).

62.     Defendant clearly and unambiguously promised to pay COHEN & FITCH LLP $95,000.00 out of the proceeds of that settlement to pay for legal fees and costs.

63.     Plaintiff acted on that promise to execute a Stipulation of Settlement, which dismissed the matter with prejudice.

8

64.    Defendant refuses to sign the necessary paperwork, a General Release and Affidavit of Liens, to obtain the proceeds of that settlement.

65.    As a result of the foregoing, plaintiff was damaged in an amount exceeding the jurisdictional limits.

93.    By reason of the aforesaid conduct by defendant, plaintiff requests the following relief:

> A.    compensatory damages; and/or
>
> B.    an Order requiring defendant SINGH to sign the necessary paperwork to allow for the release of settlement funds so that plaintiff can be paid; and/or,
>
> C.    an Order permitting COHEN & FITCH LLP to sign the documents on defendant's behalf or otherwise deem them executed and City fully released from defendant SINGH's claims; and/or,
>
> C.    an Order allowing the City of New York to pay out the attorneys' fees from the proceeds of agreed upon settlement in *Singh v. City of New York, et al.,* 19 CV 00632 (EK)(ST); and/or
>
> D.    any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiff Cohen & Fitch, LLP demands judgment in an amount to be determined at trial.

Dated: New York, New York
      June 23, 2025

BY: _____
ILYSSA S. FUCHS (IF-9628)
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
233 Broadway, Suite 2348
New York, N.Y. 10279
(212) 374-9115
ifuchs@cohenfitch.com
gcohen@cohenfitch.com
jfitch@cohenfitch.com